UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                           :   Case No. 10-10987 (ALG)
                                                                :
                                                                :
EMPIRE ONE TELECOMMUNICATIONS, INC.,                            :   (Chapter 11)
                                                                :
                    Debtor.                                     :
                                                                :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE
UNITED STATES TRUSTEE TO CONVERT OR DISMISS THIS CHAPTER 11 CASE**

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), does hereby file this memorandum in support of her motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order converting or dismissing this Chapter 11 case. In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

The debtor has failed to pay post-petition taxes. The amount of the debtor's unpaid post-petition taxes has increased each month since the commencement of this case. Accordingly, cause exists to convert or dismiss this case.

**Facts**

General Background

1.  The debtor commenced this case by filing a voluntary Chapter 11 petition on February 25, 2010. See Voluntary Petition, ECF No. 1.

2. The debtor provides wholesale and retail integrated communications services, including standard voice telecommunications and dedicated internet access and specialized data services for commercial subscribers. See Affidavit of Paul Butler at ¶ 10, ECF No. 2.

3. The debtor has continued in possession of its business.

4. There was insufficient creditor interest to enable the United States Trustee to form a committee of unsecured creditors in this case.

Operating Reports

5. The debtor's operating reports demonstrate that the debtor has incurred, and not paid, significant amounts of post-petition taxes. The operating reports also demonstrate that the amount of unpaid post-petition taxes is increasing each month. Specifically, the operating reports list the following:

- The balance sheet annexed to the debtor's initial operating report for the period of February 25, 2010 through March 31, 2010 (the "March Report") lists $0 unpaid post-petition taxes and $408,057 in "Priority Debt". See March Report at Balance Sheet, ECF No. 35. A copy of the balance sheet for the March Report is annexed hereto as Exhibit 1.

- The balance sheet annexed to the debtor's April 2010 operating report (the "April Report") lists $496,509.46 in "Taxes Accrued". See April Report at Balance Sheet, ECF No. 60. A copy of the balance sheet for the April Report is annexed hereto as Exhibit 2.

- The balance sheet annexed to the debtor's May 2010 operating report (the "May Report") lists $524,821.43 in "Taxes Accrued". See May Report at Balance Sheet, ECF No. 61. A copy of the balance sheet for the May Report is annexed hereto as Exhibit 3.

- The balance sheet annexed to the debtor's June 2010 operating report (the "June Report") lists $542,123.45 in "Taxes Accrued". See June Report at Balance Sheet, ECF No. 66. A copy of the balance sheet for the June Report is annexed hereto as Exhibit 4.

- The balance sheet annexed to the debtor's July 2010 operating report (the "July Report") lists $568,593.96 in "Taxes Accrued". See July Report at Balance Sheet, ECF No. 72. A copy of the balance sheet for the June Report is annexed hereto as Exhibit 5.

- The balance sheet annexed to the debtor's August 2010 operating report (the "August Report") lists $581,127.80 in "Taxes-Accrued". See August Report at Balance Sheet, ECF No. 81. A copy of the balance sheet for the August Report is annexed hereto as Exhibit 6.

Administrative Tax Claims

6. On August 20, 2010, the New York State Department of Labor filed an administrative claim for unemployment insurance taxes in the amount of $1,271.42 (the "Unemployment Tax Claim"). A copy of the Unemployment Tax Claim is annexed hereto as Exhibit 7.

7. On September 29, 2010, the New York State Department of Taxation and Finance filed an administrative tax claim for unpaid sales and use tax in the amount of $14,390.31 (the "Sales and Use Tax Claim"). A copy of the Sales and Use Tax Claim is annexed hereto as Exhibit 8.

**Discussion**

Cause Exists to Convert or Dismiss this Case

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for dismissal of a case. See 11 U.S.C. § 1112(b). Under this provision, the court may find cause if a debtor fails to timely pay taxes owed after the date of the order for relief. See 11 U.S.C. §§ 1112(b)(4)(I).

Section 1112(b) now requires a court, "absent unusual circumstances specifically identified by the court," to convert or dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4)(I).

The Debtor Has Not Paid Post-Petition Taxes

The balance sheets annexed to the debtor's operating reports demonstrate that the debtor's unpaid taxes have gone from $408,057 at the commencement of this case to $581,127.80. In addition, taxing authorities have begun to file administrative proofs of claim for unpaid taxes. The debtor's failure to pay its post-petition taxes constitutes cause for the conversion or dismissal of this case. See 11 U.S.C. § 1112(b)(4)(I)(failure timely to pay taxes owed after the date of the order for relief ); see also In re Berryhill, 189 B.R. 463, 466 (N.D. Ind. 1995) (failure to pay post-petition taxes constitutes cause for conversion or dismissal).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting or dismissing this Chapter 11 case, and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
October 4, 2010

    Respectfully submitted,

    TRACY HOPE DAVIS
    UNITED STATES TRUSTEE

By:   /s/ *Paul K. Schwartzberg*
    Paul K. Schwartzberg
    Trial Attorney
    33 Whitehall Street, 21st Floor
    New York, New York 10004-2112
    Tel. No. (212) 510-0500