UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                      :     Chapter 11
                                           :
Empire One Telecommunications, Inc.        :     10-10987 (ALG)
aka EOT,                                   :
                                           :
                    Debtor.                :     EIN: 54-1963388
---------------------------------------------------------------x

**ORDER (A) APPROVING BID AND NOTICE PROCEDURES AND BID PROTECTIONS FOR THE SALE OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

Upon the Debtor's Motion for an Order: (A) Approving Bid and Notice Procedures and Bid Protections for the Sale of the Debtor's Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of the Notice; and (E) Granting Related Relief dated November 10, 2011 (the "Motion")[1]; notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) objections thereto, if any, (iii) arguments of counsel and evidence proffered or adduced at the hearing on the Motion, if any (the "Hearing"); and (iv) the docket and proceedings in the above-captioned case (the "Chapter 11 Case"); and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest:

THE COURT FINDS THAT:[2]

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

[2] Regardless of the heading under which they appear, any (1) findings of fact that constitute conclusions of law shall be conclusions of law and (2) conclusions of law that constitute

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 Case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 363, 365 of the Bankruptcy Code and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and General Order M-383, Amended Guidelines for the Conduct of Asset Sales (the "Guidelines").

3. Notice of the Motion and Hearing is sufficient in light of the circumstances and the nature of the relief requested in the Motion.

4. The form of Notice attached hereto as **Addendum 3** is reasonably calculated to provide all interested parties with timely and proper notice of the Auction and 363 Sale.

5. The notice to counterparties of Assigned Contracts provided in accordance with the Assumption & Assignment Procedures is reasonably calculated to provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is approved as set forth herein.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Hearing or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

---

findings of fact shall be findings of fact. All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

3. The Bid Procedures, substantially in the form attached hereto as **Addendum 1**, are approved and the Debtor is authorized to take any and all actions necessary and/or appropriate to implement the Bid Procedures.

4. As provided in the Bid Procedures, if the Debtor receives more than one Qualified Bid prior to the Bid Deadline, the Debtor shall conduct the Auction on January 14, 2011 at 10:00 (ET) a.m. at the law offices of Goldberg & Rimberg PLLC, 115 Broadway, 3rd Floor, New York, New York 10006 or such later time or other place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.

5. The Assumption & Assignment Procedures, substantially in the form attached hereto as **Addendum 2**, are approved and the Debtor is authorized to take any and all actions necessary and/or appropriate to implement the Assumption & Assignment Procedures.

6. The form of Notice attached hereto as **Addendum 3** is hereby approved as sufficient.

7. Within three (3) business days after entry of this Order, the Debtor: (a) shall provide a copy of the Sale Notice and this Order to (i) the Office of the United States Trustee; (ii) all parties who have filed an appearance in these cases; (iii) all persons who have expressed an interest in the Assets; and (iv) all entities who are known to possess or assert a claim against the Debtor.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

12. This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

**13. The motion to approve the asset purchase agreement with the Stalking Horse Bidder, as such term is used in Addendum 1, shall be filed and served no later than December 15, 2010 and shall contain a copy of the proposed asset purchase agreement in substantially final form.**

Dated: December 3, 2010             */s/ Allan L. Gropper*
      New York, New York            Allan L. Gropper
                                         United States Bankruptcy Judge

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
Michael J. Barrie (admitted *pro hac vice*)
Raymond H. Lemisch (RL5345)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Empire One Telecommunications, Inc. | : | 10-10987 (ALG) |
| aka EOT, | : | |
| | : | |
| Debtor. | : | EIN: 54-1963388 |

---------------------------------------------------------------x

**ADDENDUM 1 TO ORDER: (A) APPROVING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**BID PROCEDURES**

Set forth below is the general process to be employed by the Seller with respect to the proposed Sale of all or substantially all of the Debtor's assets (the "Acquired Assets"), as contained in the Debtor's Motion for entry of an order: (A) approving procedures for the sale of certain of the Debtor's assets, (B) scheduling an auction, (C) approving assumption and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion")[1].

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

A.  **Assets to Be Sold.**  The Debtor is offering the Acquired Assets for sale pursuant to Section 363 of the Bankruptcy Code.  The Debtor shall retain all rights and title to assets that are not subject to a bid accepted by the Debtor and approved by the Bankruptcy Court at the Sale Hearing.  A Qualified Bidder may also submit a bid that includes assets of the Debtor that are not defined as Acquired Assets in the Stalking Horse Agreement (the "Other Assets" and, together with the Acquired Assets, the "Assets").

B.  **The Bidding Process.**  The Debtor, in conjunction with its advisors, and without prejudice to any person to seek Court determination that he, she or it is a Potential Bidder (as hereafter defined), shall:  (i) determine whether any person is a Potential Bidder (hereinafter defined); (ii) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Debtor's business; (iii) receive offers from Qualified Bidders (hereinafter defined); and (iv) negotiate any offer made to purchase the Assets, together or separately (collectively, the "Bidding Process").  Neither the Debtor nor its representatives shall be obligated to furnish any information of any kind whatsoever relating to the Assets to any person who is not a Potential Bidder.

C.  **Participation Requirements.**  Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtor, in order to participate in the Bidding Process each person (a "Qualified Bidder") must submit a bid that adheres to the following requirements (a "Qualified Bid"):

   1.  All Qualified Bids must be served on the following:  (i) Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801, Attn: Michael J. Barrie, Esq. (mbarrie@beneschlaw.com); (ii) Phoenix Capital Resources, 5 Penn Plaza, 23rd Floor, New York, NY 10001, Attn:  Adam S. Cook  (acook@phoenixcapitalresources.com); and (iii) Cooley LLP, The Grace Building, 1114 Avenue of the Americas, New York, NY 10036-7798, Attn: James A. Beldner, Esq. (jbeldner@cooley.com).  All Qualified Bids may be served on the above parties via email, first class mail, overnight delivery, or private courier and must be served so that they are received not later than 5:00 p.m. (prevailing Eastern Time) on January 7, 2011 (the "Bid Deadline").

   2.  All Qualified Bids shall be in the form of an offer letter from a person or persons that the Debtor deems financially able to consummate the purchase of the Assets, which letter states:

      (a)  that such Qualified Bidder offers to purchase some or all of the Assets upon the terms and conditions set forth in an executed asset purchase agreement (hard copy and an

        electronic version in Word format and blacklined against the Stalking Horse Agreement), together with its exhibits and schedules, including terms relating to price and the time of closing (the "Proposed Agreement");

    (b)    that such Qualified Bidder is prepared to consummate the transaction on or before January 31, 2011, following entry of an order of this Court approving the Sale to the Successful Bidder (the "Sale Order");

    (c)    that such Qualified Bidder's offer is irrevocable until the earlier to occur of January 31, 2011 or two (2) business days after the closing of the 363 Sale of the Acquired Assets;

    (d)    the actual value of such Qualified Bidder's bid to the Debtor's estate; and

    (e)    which of the Debtors' leases and executory contracts are to be assumed in connection with the consummation of the Qualified Bidder's bid.

    (f)    All Qualified Bids shall be accompanied by a deposit into escrow with the Debtor of an amount equal to ten percent (10%) of consideration offered by the Qualified Bidder for the Acquired Assets (the "Good Faith Deposit").

    (g)    All Qualified Bids shall be accompanied by satisfactory evidence, in the opinion of the Debtor and its advisors, of committed financing or other ability to perform all transactions contemplated by the Proposed Agreement.

    (h)    All Qualified Bids must provide for funding of all payments required under the Sale Order.

    (i)    All Qualified Bids must provide for adequate workers' compensation insurance coverage and for adequate working capital financing to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

D.    **Due Diligence.**  The Debtor shall afford each Potential Bidder (hereinafter defined) due diligence access to the Acquired Assets. Due diligence access may include management presentations as may be scheduled by the

Debtor, access to data rooms, on site inspections and such other matters which a Potential Bidder may reasonably request.  Neither the Debtor nor any of its affiliates (nor any of its respective representatives) are obligated to furnish any information relating to the Acquired Assets to any person except to Potential Bidders.  Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Assets provided by anyone other than the Debtor or its representatives.  To be a "Potential Bidder," each bidder either (i) must have an Order of the Court declaring such person a Potential Bidder, or (ii)  must have delivered the following:

   (a) an executed confidentiality agreement in form and substance satisfactory to the Debtor; and

   (b) current audited and unaudited financial statements or other financial information of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Acquired Assets, current audited and unaudited financial statements or other financial information of the Potential Bidder's equity holder or other financial backer, or such other form of financial disclosure and evidence acceptable to the Debtor and its advisors in their sole discretion, demonstrating such Potential Bidder's ability to close the proposed transaction, to fund the Plan, to finance going concern operations to the extent contemplated, and to provide adequate assurance of future performance to counterparties to any executory contracts and unexpired leases to be assumed by the Potential Bidder.

e. **"As Is, Where Is."**  The sale of the Acquired Assets or the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, its agents or estate, except to the extent set forth in the Proposed Agreement of the Successful Bidder. Except as otherwise provided in the Proposed Agreement, all of the Debtor's right, title and interest in and to the Assets to be acquired shall be sold pursuant to section 363 of the Bankruptcy Code free and clear of all liens, claims, charges, security interests, restrictions and other encumbrances of any kind or nature thereon and there against (collectively, the "Transferred Liens"), with such Transferred Liens to be satisfied in accordance with the terms of the sale order.  Each bidder shall be deemed to acknowledge and represent that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Acquired Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets, or the

completeness of any information provided in connection with the Acquired Assets, the Bidding Process or the Auction, except as expressly stated in these Bidding Procedures or, as to the Successful Bidder, in the applicable Proposed Agreement.

f. **Stalking Horse.** The Stalking Horse has submitted a Qualified Bid pursuant to the Stalking Horse Agreement, which Qualified Bid shall serve as a stalking horse bid (the "Stalking Horse Bid").

g. **Stalking Horse Bid Protections**: A break-up fee is approved in the amount of $30,000 to the Stalking Horse, payable in the event that an alternative transaction closes and the Stalking Horse is not the Successful Bidder; and any competing Qualified Bids must exceed the aggregate consideration to be paid to or for the benefit of the Debtor's estate as set forth in the Stalking Horse Bid by at least $30,000.

h. **Credit Bid**: The Debtor has no secured creditor(s). As such, no holder of a lien on any assets of the Debtor shall be permitted to credit bid pursuant to section 363(k) of the Bankruptcy Code.

i. **Auction.** If the Debtor receives more than one Qualified Bid prior to the Bid Deadline, the Debtor shall conduct an auction (the "Auction") on January 14, 2011 at 10:00 (ET) a.m. at the law offices of Goldberg & Rimberg PLLC, 115 Broadway, 3rd Floor, New York, New York 10006 or such later time or other place as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. Only representatives of the Stalking Horse, the Debtor and any Qualified Bidders along with their professionals who have timely submitted Qualified Bids shall be entitled to attend the Auction. The Debtor may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures. Based upon the terms of the Qualified Bids received, the number of Qualified Bidders participating in the Auction, and such other information as the Debtor determines is relevant, the Debtor may conduct the Auction in the manner it determines will achieve the maximum value for the Acquired Assets. At the Auction, the minimum initial bid against the Stalking Horse bid must exceed the value of the Stalking Horse bid by $30,000. Subsequent bids shall be made in minimum increments of $10,000.

As soon as practicable after the conclusion of the Auction, the Debtor shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the 363

Sale and confirming the Plan; and (ii) identify the highest or otherwise best offer or combination of offers for the Assets and any second-highest offer (the "Successful Bid") of the prevailing bidder ("Prevailing Bidder"). The Debtor reserves all rights to not submit any bid which is not acceptable to the Debtor.

If an Auction is conducted, the party with the next highest or otherwise best Bid (including for this purpose, the Buyer), as determined by the Debtor, in the exercise of its business judgment, shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid (the "Back-Up Bid") open and irrevocable to the earlier of the earlier to occur of January 31, 2011 or two (2) business days after the closing of the 363 Sale of the Acquired Assets.

j. **Acceptance of Qualified Bids.** The Debtor shall sell the Assets for the highest and otherwise best bid received as determined by the Debtor pursuant to the Bidding Procedures and approved by the Bankruptcy Court. The Debtor's presentation to the Bankruptcy Court for approval of a particular bid does not constitute the Debtor's acceptance of a bid. The Debtor will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

k. **The Sale Hearing.** The Sale Hearing will take place at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 617 before the Honorable Allan L. Gropper, U.S.B.J. on **January 19, 2011 at 11:00 a.m.** (EST). The Debtor shall file a separate Sale Motion with the Court seeking approval of the 363 Sale, the nature of the relief requested and disclosing any "extraordinary provisions" in accordance with the Guidelines. Objections, if any, to the Sale will be required to be filed in the Bankruptcy Court and served so as to be received by **January 12, 2011**. The Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing.

l. **Return of Good Faith Deposit.** Upon entry of the Sale Order, the Deposits of all Qualified Bidders, other than the Prevailing Bidder and the Back-Up Bidder, shall be returned to such Qualified Bidders. The Deposits of the Prevailing Bidders and the Back-Up Bidder shall be held in escrow the earlier to occur of January 31, 2011 or two (2) business days after the closing of the 363 Sale of the Acquired Assets.

m. **Modifications.** The Debtor may, without prejudice to any Person to seek a Court Order to the contrary: (i) determine, in its business judgment, which Qualified Bid, if any, is the highest or otherwise best offer; and (ii) reject at any time before entry of the Sale Order approving a Qualified Bid, any bid that, in the Debtor's sole discretion, is: (x) inadequate or

insufficient; (y) not in conformity with the requirements of the Bankruptcy Code; the Bidding Procedures, or the terms and conditions of sale; or (z) contrary to the best interests of the Debtor, its estate, its creditors and other parties in interest.

n. **<u>Reservation of Rights</u>**: In addition to its rights set forth in sections (i.) and (m.) above and subject any party's right to seek relief from the Court, the Debtor may modify these Bid Procedures or impose, at or prior to the Auction, additional terms and conditions on the proposed Sale of the Acquired Assets if, in its reasonable judgment, such modifications would be in the best interests of the Debtor's estate and promote an open and fair sale process.

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
Michael J. Barrie (admitted *pro hac vice*)
Raymond H. Lemisch (RL5345)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| In re | : | Chapter 11 |
| | : | |
| Empire One Telecommunications, Inc. | : | 10-10987 (ALG) |
| aka EOT, | : | |
| | : | |
| Debtor. | : | EIN: 54-1963388 |
---------------------------------------------------------------x

**ADDENDUM 2 TO ORDER (A): APPROVING PROCEDURES FOR THE
SALE OF CERTAIN OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN
AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES;
(D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**ASSUMPTION AND ASSIGNMENT PROCEDURES**

Set forth below are the assumption and assignment procedures (the "Assumption & Assignment Procedures") to be employed with respect to the proposed Sale contemplated by the Debtor as contained in the Debtor's Motion for entry of an order: (A) approving procedures for the sale of certain of the Debtor's assets, (B) scheduling an auction, (C) approving assumption

and assignment procedures, (D) approving form of notice, and (E) granting related relief (the "Motion")[1]

1. By December 22, 2010, the Debtor shall file a schedule of cure obligations (the "Contract & Cure Schedule") listing all leases and executory contracts that the Stalking Horse intends to assume (the "Assigned Contracts") and the amount, if any, that the Debtor contends is the amount needed to cure any defaults with respect to such Assigned Contracts (the "Cure Amounts").

2. Upon filing, a copy of the Contract & Cure Schedule and these Assumption & Assignment Procedures will be served on each of the counterparties to the Assigned Contracts listed on the Contract & Cure Schedule.

3. The Debtor shall amend the Contract & Cure Schedule promptly after the completion of the Auction to update the information contained therein with respect to the Successful Bid(s), and shall serve an amended Contract & Cure Schedule on each of the counterparties to the Assigned Contracts listed thereon.

4. Any objections ("Assignment Objections") to the assumption and assignment of any Assigned Contract, including, but not limited to, objections relating to adequate assurance of future performance or to the cure amount set forth in the Contract & Cure Schedule must be filed with the Bankruptcy Court and served upon the Notice Parties on or before 4 p.m. prevailing Eastern Time on January 12, 2011 (the "Assignment Objection Deadline").

5. Any counterparty failing to file an Assignment Objection by the Assignment Objection Deadline shall be forever barred from (i) objecting to the Cure Amount set forth on the Contract & Cure Schedule with respect to its Assigned Contract; (ii) seeking additional amounts arising under its Assigned Contract prior to the Closing from the Debtor or the Successful Bidder; and (iii) objecting to the assumption and assignment of its Assigned Contract to the Successful Bidder.

6. Any Assignment Objections not consensually resolved prior to the Sale Hearing shall be heard at the Sale Hearing with any related Cure Amounts or adequate assurance of future performance being fixed by the

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

Bankruptcy Court. All other objections to the proposed assumption and assignment of the Assigned Contracts will be heard at the Sale Hearing. The Sale Hearing will take place at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 617 before the Honorable Allan L. Gropper, U.S.B.J. on **January 19, 2011 at 11:00 a.m.** (EST).

7. Except as may otherwise be agreed to by all parties to an Assigned Contract, on or before the Closing, the cure of any defaults under Assigned Contracts necessary to permit assumption and assignment thereof shall be by (i) payment of the undisputed Cure Amount, and/or (ii) establishment of a reserve with respect to any disputed Cure Amount. The party responsible for paying Cure Amounts shall be as set forth in the Proposed Agreement between the Successful Bidder and the Seller.

BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
Michael J. Barrie (admitted *pro hac vice*)
Raymond H. Lemisch (RL5345)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                        : Chapter 11
                                             :
Empire One Telecommunications, Inc.          : 10-10987 (ALG)
aka EOT,                                     :
                                             :
                    Debtor.                  : EIN: 54-1963388
---------------------------------------------------------------x

**ADDENDUM 3 TO ORDER (A): APPROVING PROCEDURES FOR THE
SALE OF CERTAIN OF THE DEBTOR'S ASSETS; (B) SCHEDULING AN
AUCTION; (C) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES;
(D) APPROVING FORM OF NOTICE; AND (E) GRANTING RELATED RELIEF**

**NOTICE OF BID DEADLINE AND AUCTION IN CONNECTION
WITH THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS**

**PLEASE TAKE NOTICE** that, on November 10, 2010, the above-captioned debtor and debtor in possession (the "Debtor") filed a motion (the "Motion")[1] seeking approval of, among other things (A) auction and bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of certain of its assets (the "Assets"); (B) procedures to determine cure amounts

---
[1] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

and deadlines for objections with respect to certain contracts and leases proposed to be assumed and assigned by the Debtor; and (C) related relief with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). By Order dated _____ ___, 2010, the Bankruptcy Court approved the Bid Procedures attached as Addendum 1 to the Bid Procedures Order [*Docket No.* ___] (the "Bid Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, all interested parties are invited to submit a Qualified Bid and to make offers to purchase the Assets in accordance with the terms of the Bid Procedures and the Bid Procedures Order. The deadline to submit bids (the "Bid Deadline") is **January 7, 2011 at 5:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, the Debtor intends to conduct an auction (the "Auction") for the sale of the Assets if more than one Qualified Bid is submitted at the offices of Goldberg & Rimberg PLLC, 115 Broadway, 3rd Floor, New York, New York 10006 beginning on **January 14, 2011, at 10:00 a.m. (prevailing Eastern Time)**, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.

**PLEASE TAKE FURTHER NOTICE** that, the Debtor intends to seek the Bankruptcy Court's approval of the 363 Sale of the Assets at a hearing (the "Sale Hearing") to be held before the Honorable Allan L. Gropper, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 on **January 19, 2011 at 11:00 a.m. (prevailing Eastern Time)**. The Debtor will provide separate notice of the Sale Hearing and objection deadlines, **together with a copy of the proposed contract with a "stalking horse" bidder, on or before December 15, 2010**.

**PLEASE TAKE FURTHER NOTICE** that, this Notice is subject to the complete terms and conditions of the Motion, the Bid Procedures and the Bid Procedures Order, which shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Copies of these pleadings may be obtained by written request to counsel to the Debtor, c/o Benesch Friedlander Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, DE 19801, Attn: Michael J. Barrie **(mbarrie@beneschlaw.com)**. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.nysb.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

Dated: December ___, 2010

BENESCH FRIEDLANDER
  COPLAN & ARONOFF LLP

By: /s/ *Michael J. Barrie*
Raymond H. Lemisch (RL5345)
Michael J. Barrie (admitted *pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and
Debtor in Possession*