BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
Michael J. Barrie (admitted *pro hac vice*)
Raymond H. Lemisch (RL5345)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Empire One Telecommunications, Inc. | : | 10-10987 (ALG) |
| aka EOT, | : | |
| | : | |
| Debtor. | : | EIN: 54-1963388 |

---------------------------------------------------------------x

**SECOND MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION**
**FOR AN EXTENSION OF THE TIME PERIOD SET FORTH IN**
**SECTION 1129(e) OF THE BANKRUPTCY CODE**

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby moves this Court, pursuant to section 1121(e)(3) of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order

further extending the time period for confirmation of a small business case as set forth in section 1129(e) of the Bankruptcy Code. In support thereof, the Debtor represents as follows:

## BACKGROUND

1. On February 25, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its property and assets as a debtor-in-possession. No trustee, examiner or committee of creditors has been appointed in the Debtor's chapter 11 case. This case has been designated as a "small business case" under the Bankruptcy Code.

2. The Debtor is a competitive local exchange carrier under the Telecommunications Act of 1996 and provides various wholesale/retail communications services, including standard voice telecommunications (local, long distance, and wireless), Internet access, and specialized data services for commercial subscribers. The Debtor serves customers in the United States, Asia, and other markets, maintains Web portals in multiple languages, and provides marketing, sales, and customer services in target markets.

3. The Debtor receives revenues from various sources, including through "access billing," whereby the Debtor receives a per-minute fee for each call routed through its network. To collect these fees, the Debtor invoices other telecommunications' providers (the "Carriers"), and obtains the Carriers' data on the number and attributes of calls routed through the Debtor's network. Since before the Petition Date, the Debtor has had billing disputes with several Carriers relating to access billing.

4. In light of these disputes, the Debtor was unable to fully collect outstanding receivables from certain Carriers. These disputes, combined with the economic recession that

has caused decreased phone demand and reduced customer prices and profit margins, necessitated the Debtor's Chapter 11 filing.

5. On September 23, 2010, the Debtor filed its Chapter 11 Plan of Liquidation (the "Plan") [Docket No. 74] and accompanying Disclosure Statement (the "Disclosure Statement") [Docket No. 75].

6. Because this bankruptcy case is designated a "small business case," section 1129(e) of the Bankruptcy Code requires the Court to confirm the Plan within forty-five (45) days after it is filed, unless such time is extended in accordance with section 1121(e)(3) of the Bankruptcy Code.

7. On October 27, 2010, this Court entered an Order extending the time period for confirmation of the Debtor's plan under sections 1129(e) and 1121(e)(3) of the Bankruptcy Code through and including December 31, 2010, without prejudice to the Debtor's rights to seek further extensions [Docket No. 93].

8. On November 1, 2010, the Debtor received an executed letter of intent from Lexicon United Inc. (the "Stalking Horse") relating to the purchase of substantially all of the Debtor's assets. On November 12, 2010, the Debtor and the Stalking Horse entered into a revised Letter of Intent (as revised, the "Letter of Intent"), a true and correct copy of which is annexed hereto as **Exhibit A**.

9. Because the sale contemplated under the Letter of Intent is subject to higher and better offers, the Debtor filed the Motion for Entry of an Order (A) Approving Bid and Notice Procedures and Bid Protections for the Sale of the Debtor's Assets; (B) Scheduling an Auction; (C) Approving Assumption and Assignment Procedures; (D) Approving Form of Notice and (E) Granting Related Relief (the "Bid Procedures Motion") [Docket No. 95] on November 10, 2010,

shortly before the Debtor entered into the revised Letter of Intent. The Court granted the Bid Procedures Motion by Order dated December 3, 2010 (the "Bid Procedures Order").

10. Under the Bid Procedures Order, a hearing on the sale of substantially all of the Debtor's assets is scheduled for January 19, 2011. The Debtor requested this hearing date in consultation with its professionals to ensure that it will have an adequate opportunity to appropriately market the Debtor's assets for sale and obtain the highest and best offer for a sale of its assets. The Debtor contemplates a closing on the sale of substantially all of its assets to occur on or around January 31, 2011

11. Given the timing of the Debtor's proposed auction and sale, and as discussed at the hearing held in connection with the Bid Procedures Motion on December 1, 2010, the Debtor, through this motion, seeks a further extension of time — through February 28, 2011 — to confirm its plan of reorganization.

## RELIEF REQUESTED AND BASES THEREFOR

12. By this Motion, the Debtor seeks an Order, pursuant to sections 1121(e)(3) and 1129(e) of the Bankruptcy Code, further extending the Plan Confirmation Deadline established in this small business case through and including February 28, 2011, without prejudice to its right to seek a further extension should the circumstances require.

13. Section 1129(e) of the Bankruptcy Code provides that "[i]n a small business case, the court shall confirm a plan that complies with the applicable provisions of this title and that is filed in accordance with section 1121(e) not later than 45 days after the plan is filed unless the time for confirmation is extended in accordance with section 1121(e)(3)."

14. Section 1121(e)(3) of the Bankruptcy Code provides:

In a small business case—

. . .

> (3) . . . the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if—
>
> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
>
> (B) a new deadline is imposed at the time the extension is granted; and
>
> (C) the order extending time is signed before the existing deadline has expired.

15. The Debtor meets all of the foregoing requirements. It is clear by the preponderance of the evidence that the Court will confirm the Debtor's Plan (as amended) within a reasonable time. First, the Plan, as originally filed, provided for a sale of all or substantially all of the Debtor's assets after appropriate marketing by the Debtor's investment banker and through a Court-approved auction process. However, the Letter of Intent with the Stalking Horse contemplated a sale pursuant to section 363 of the Bankruptcy Code, necessitating revisions to the Plan and Disclosure Statement. The Debtor will file an amended Plan and Disclosure Statement in short order contemplating a sale pursuant to section 363 of the Bankruptcy Code and confirmation will still occur within a reasonable time.

16. In addition, the Debtor has taken steps to move this case forward: (i) it has filed its original Plan and Disclosure Statement, (ii) it has filed an application to retain an investment banker to market and sell its assets, which has been approved by the Court; (iii) it has engaged in numerous in-depth discussions and provided due diligence, under non-disclosure agreements, with potential bidders, (iv) it has, as discussed above, entered into a Letter of Intent with the Stalking Horse for the sale of substantially all of its assets, and (v) it has filed the Bid Procedures Motion, which was approved by the Court.

17. Moreover, the Debtor is currently negotiating the terms of an asset purchase agreement with the Stalking Horse, and expects to file a motion to approve a sale to the stalking on or before December 15, 2010.

18. Without an extension of the Plan Confirmation Deadline, however, the Debtor and its professionals will be unable to realize the highest and best offer for its assets and satisfy the timeframe established in the Bid Procedures Order.

19. For these reasons, the Debtor hereby seeks extension of the Plan Confirmation Deadline in this small business case from December 31, 2010, through and including February 28, 2011.

## NOTICE

20. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. Notice of this Motion has been given to: (a) the United States Trustee for this region; (b) the Debtor's twenty largest unsecured creditors; (c) those parties who have requested notice pursuant to Rule 2002; and (d) EOT Lending Corp. In light of the nature of the relief requested herein, Debtor submits that no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order, substantially in the form submitted contemporaneously herewith, granting (a) the relief requested herein; and (b) such other and further relief as the Court deems just and proper under the circumstances.

Dated: December 6, 2010

BENESCH FRIEDLANDER
 COPLAN & ARONOFF LLP

By:   /s/ Raymond H. Lemisch
Raymond H. Lemisch (RL5345)
Michael J. Barrie (admitted *pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and
Debtor in Possession*