**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                            :     Chapter 11
                                                 :
Empire One Telecommunications, Inc.              :     10-10987 (ALG)
aka EOT,                                         :
                                                 :
                Debtor.     :     EIN: 54-1963388
---------------------------------------------------------------x

# ORDER (I) APPROVING AN ASSET PURCHASE AGREEMENT BETWEEN THE DEBTOR AND THE PREVAILING BIDDER; (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of the Debtor dated December 15, 2010, and the papers submitted in support thereof for entry of an order (i) approving an asset purchase agreement between the Debtor and Media 3 Communications, Inc. ~~(the "Stalking Horse"), or such purchase agreement between the Debtor and the prevailing bidder (either the Stalking Horse or the prevailing bidder shall be referred to herein as~~ (the "Prevailing Bidder"); (ii) authorizing the sale of all or substantially all of the assets of the Debtor free and clear of all liens, claims, encumbrances and other interests and the assumption of certain liabilities; (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith; and (iv) granting related relief; and jurisdiction existing for the Court to consider the Motion; and after due deliberation thereon and the Court having conducted a hearing after proper, good and sufficient notice having been given and afforded to Debtor's creditors and other interested parties (and it appearing that notice of the Motion and the sale of substantially all of the Debtor's assets) was adequate and proper under the circumstances of this

case and that no other or further notice need be given; and upon the arguments and statements in support of such relief presented at the hearing before the Court; and it appearing that the relief requested is in the best interests of the Debtor, the Debtor's estate, its creditors and other parties in interest; and this Court having found that good and sufficient cause exists for granting the Debtor the authority to sell the Assets[1] to the Prevailing Bidder; and the Debtor having recommended and demonstrated to this Court that (i) the offer of the Prevailing Bidder is the "highest and best offer" for the Assets, as fully set forth in the agreement entered into with the Prevailing Bidder (the "<u>Agreement</u>"), which this Court finds to be the "highest and best offer"; (ii) that the terms and conditions of the Agreement were negotiated, proposed and entered into in good faith and at arms' length and without collusion or fraud, and that such terms and conditions are fair and reasonable; (iii) a sound business reason exists to support the sale of the Assets; and (iv) the Assets have been adequately marketed; and it appearing that the Prevailing Bidder is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to the protections afforded thereby; and it appearing that neither the Debtor nor the Prevailing Bidder have engaged in conduct which would permit the sale of the Assets to be avoided under section 363(n) of the Bankruptcy Code; and it appearing that the requirements of section 363(f) of the Bankruptcy Code have been satisfied; it is hereby

ORDERED that the Agreement is approved, including all of the terms and conditions thereof; and it is further

ORDERED that any and all remaining objections to the Motion are hereby overruled; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

ORDERED that the Debtor, the Prevailing Bidder and each of their respective members, officers, employees and agents be, and they hereby are, authorized and empowered to execute the Agreement and take any and all actions necessary or appropriate to execute and deliver, perform under, consummate, implement, and close fully under the Agreement, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions contemplated by the Agreement, provided that such additional documents do not materially change its terms, and all further actions as may be reasonably required by the Prevailing Bidder for the purpose of transferring the Assets; and it is further

ORDERED that the 363 Sale is being proposed and entered into by the Debtor and the Prevailing Bidder without collusion, in good faith, and from arms length; and neither the Debtor nor the Prevailing Bidder have engaged in any conduct that would cause or permit the transaction to be avoided under section 363(n); and it is further

ORDERED that this Order and the Agreement shall be binding in all respects upon all creditors (whether known or unknown) of and equity holders in the Debtor (whether known or unknown), any holders of interests, any non-debtor parties to contracts with the Debtor, all successors and assigns of the Prevailing Bidder, the Debtor and its affiliates, and any subsequent trustee appointed in the Debtor's chapter 11 case or upon conversion to chapter 7 under the Bankruptcy Code, and shall not be subject to rejection, and that this Order and the Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Prevailing Bidder and its respective successors and assigns; and it is further

ORDERED that the consideration to be paid to the Debtor under the Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that except as otherwise provided in the Agreement, pursuant to section 363(f) of the Bankruptcy Code, the Assets being sold pursuant to the Agreement shall be sold, transferred, or conveyed, free and clear of any and all liens, claims, security interests, and encumbrances with such liens, claims, security interests, and encumbrances, if any, to attach to the sale proceeds and any other amounts payable to the Debtor with the same validity, force and effect as the same had with respect to the Assets at issue, prior to such 363 Sale; and it is further

ORDERED that the Prevailing Bidder shall not be liable whatsoever for any claims against the Debtor other than as expressly provided for in the Agreement or as otherwise provided under this Order; and it is further

ORDERED that the Debtor is authorized and empowered to transfer the Assets to the Prevailing Bidder in accordance with the Agreement and that such transfer constitutes a valid, legal, and effective transfer and shall vest the Prevailing Bidder with all right, title, and interest of Debtor in and to the Assets; and it is further

ORDERED that the Debtor is hereby authorized, pursuant to section 365 of the Bankruptcy Code, to assume and assign to the Prevailing Bidder the Assumed Contracts; and it is further

ORDERED that the assumption of such Assumed Contracts shall be effective upon the Closing Date; and it is further

ORDERED that subject to the terms of the Agreement and terms agreed upon by the Prevailing Bidder and non-debtor parties to the Assumed Contracts, the assumption by the Debtor of the Assumed Contracts and the assignment of such agreements to the Prevailing Bidder, as provided for or contemplated by the Agreement, be, and hereby is, authorized and approved pursuant to Sections 363 and 365 of the Bankruptcy Code; and it is further

ORDERED that the Assumed Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtor and assigned to the Prevailing Bidder at the Closing, pursuant to Sections 363 and 365 of the Bankruptcy Code, subject only to the prompt payment or adequate assurance of prompt payment of all cure amounts or as agreed upon **between** the Prevailing Bidder and the non-debtor party to the Assumed Contract; and it is further

ORDERED that pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, and except as otherwise provided in this Order and the Agreement or as agreed upon by the Prevailing Bidder and the non-debtor party to the Assumed Contract, the Prevailing Bidder shall promptly pay or provide adequate assurance that it will promptly pay to the parties to any Assumed Contracts the requisite cure amounts, if any, set forth in the notice served by the Debtor on each of the counterparties to the Assumed Contracts, except to the extent that a cure cost was amended on the record **of** the Sale Hearing, following the assumption and assignment thereof. The cure costs are hereby fixed at the amounts set forth in the notice served by the Debtor, or the amounts set forth on the record of the Sale Hearing, as the case may be, and the non-debtor parties to the Assumed Contracts are forever bound by such cure costs; and it is further

ORDERED that the Debtor at any time prior to closing may elect, in its sole and absolute discretion, not to assume any Assumed Contract identified in the notice served by the Debtor on each of the counterparties to the Assumed Contracts; and it is further

ORDERED that the Prevailing Bidder has satisfied all requirements under Sections 365(b)(1) and 365(b)(2) to provide adequate assurance of future performance under the Assumed Contracts; and it is further

ORDERED that the Debtor and its estate shall be relieved of any liability for any breach of any of the Assumed Contracts occurring from and after the Closing, pursuant to and in accordance with Section 365(k); and it is further;

ORDERED that to the extent that any of the Assumed Contracts contain provisions that purport to limit assignment, the assumption and assignment of the Assumed Contracts shall be permitted without regard to such provisions; and it is further

ORDERED that upon assumption and assignment of the Assumed Contracts to the Prevailing Bidder, with or without the consent of any contractual counterparty to such Assumed Contracts, the Assumed Contracts shall be valid, binding, and enforceable in accordance with their respective terms; and it is further

ORDERED that, except to the extent provided in the Agreement and this Order, the Prevailing Bidder shall have no liability whatsoever for any claims related to the Assumed Contracts arising or accruing prior to the Closing Date; and it is further

ORDERED that, the wholly-owned subsidiaries of Verizon Communications Inc. (collectively, "Verizon") having filed an Objection to Debtor's Proposed Cure Amount [Docket No. 122] and the Debtor and Verizon having reached an agreement in principle to resolve such Objection that is subject to final documentation and approval by the Prevailing Bidder and this Court, (i) nothing contained in this Order shall authorize the assumption of the Debtor's executory contracts with Verizon until such approval is granted by this Court, and (ii) the closing under the Agreement shall not occur until such approval is granted by this Court; provided that in the event such agreement is not documented and approved by the Court, all parties' rights, including the right of Verizon to a full cure as set forth in the Verizon Objection, the right of the

Debtor to dispute the cure amount and the right of the Debtor not to assume and assign the Debtor's executory contracts with Verizon, are reserved; and it is further

ORDERED that the sale, conveyance, transfer and assignment of the Assets and terms and conditions of the Agreement under this Order shall be binding upon the Debtor, the Prevailing Bidder, all of the Debtor's creditors, all persons having or asserting a claim against or interest in the Debtor or the Assets, and all parties to any actions or proceedings; and it is further

ORDERED that all of the transactions contemplated by the Agreement shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal; and it further

ORDERED that no bulk sales laws or any similar law of any state or other jurisdiction applies in any way to any of the transactions contemplated by the Agreement; and it is further;

ORDERED that **a hearing on confirmation of a plan incorporating this sale having been scheduled and the parties having reserved the right to incorporate the sale approved hereby in the plan,** to the extent that Section 1146(c) of the Bankruptcy Code applies, the 363 Sale to the Prevailing Bidder shall be exempt from any and all stamp, transfer, recording, and other similar taxes (other than income taxes), and any transfer fees or other similar costs incurred or assessed by any federal, state, or local, or foreign taxing authority (including interest and penalties, if any) in connection with the 363 Sale or transfer of the Assets to Prevailing Bidder or the transactions contemplated by the Agreement; and it is further

ORDERED that the Prevailing Bidder, as the purchaser of the Assets, shall be responsible for and shall timely pay, as of the Closing Date, all universal service fund contribution obligations (the "USF Obligations") relating to telecommunications services provided post-Closing Date, including, without limitation, all USF Obligations resulting from

any true-up of the telecommunications reporting worksheets (the "Form 499s") required to be submitted thereafter by the Prevailing Bidder (or its designee) or by the Debtor relating to telecommunications services provided post-Closing Date. Similarly, the Debtor shall be responsible for and shall timely pay all USF Obligations relating to telecommunications services provided by the Debtor pre-Closing Date, including, without limitation, all USF Obligations resulting from any true-up of the Form 499s required to be submitted by the Debtor or by the Prevailing Bidder (or its designee) relating to telecommunications services provided pre-Closing date in accordance with the provisions of the Bankruptcy Code. Both the Debtor and the Prevailing Bidder (or its designee) shall timely comply with all reporting obligations required by USAC, the Federal Communications Commission and applicable regulations relating to telecommunications services provided post-Petition Date. This paragraph is intended to supplement, but not modify, the provisions of the Agreement and any related agreements allocating responsibility for USF Obligations and such provisions, as supplemented hereby, shall control solely as between the parties to the Agreement; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon signature and shall not be stayed pursuant to Bankruptcy Rule 6004(h) and the Debtor and the Prevailing Bidder are authorized to close the transaction contemplated by the Agreement immediately, subject to the conditions set forth in the Agreement and the Order; and it is further

ORDERED that this Court shall retain jurisdiction with regard to all issues or disputes in connection with this Order, the relief provided for herein, and the Agreement, including, without limitation, to protect the Debtor and the Prevailing Bidder from interference with the 363 Sale, and to resolve any disputes related to the 363 Sale or the conduct of the Sale, or arising under the Agreement or the implementation thereof; and it is further

ORDERED that the Agreement approved herein may be modified or amended without further order of this Court (provided that such amendment has been approved in writing by the Debtor and the Prevailing Bidder and notice of such amendment has been timely provided to counsel for USAC **and filed on the docket**), except that Court approval shall be required if such amendment or modification has a material negative effect on the Debtor or its estate or is in contravention of this Order; and it is further

ORDERED that the provisions of this Order are non-severable and mutually dependent.

BY THE COURT:

Dated: New York, New York
     January 19, 2011　　　　　　　　_/s/ Allan L. Gropper_____
　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE