BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
Raymond H. Lemisch (RL5345)
Michael J. Barrie (admitted *pro hac vice*)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(302) 442-7012 facsimile

White Plains Center
50 Main Street, Suite 1000
White Plains, NY 10606

*Counsel for Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re                                   :      Chapter 11
                                        :
Empire One Telecommunications, Inc.     :      10-10987 (ALG)
aka EOT,                                :
                                        :
                        Debtor.         :      EIN:  54-1963388
-------------------------------------------------------------x
```

**ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING EMPIRE**
**ONE TELECOMMUNICATIONS, INC.'S**
**SECOND AMENDED PLAN OF LIQUIDATION [D.I. 134]**

WHEREAS, the Debtor originally filed its Chapter 11 Plan of Liquidation [Docket No.

74] and Disclosure Statement to Accompany Plan of Liquidation [Docket No. 75] on September

23, 2010;

WHEREAS, the Debtor filed an Amended Disclosure Statement to Accompany Plan of

Liquidation [Docket No. 131] and Amended Chapter 11 Plan of Liquidation [Docket No. 130] on

January 26, 2011 subsequent to the sale of substantially all of the Debtor's assets; which were

subsequently modified to address comments raised by the Bankruptcy Court;

WHEREAS, the Debtor subsequently filed the Second Amended Disclosure Statement to Accompany the Second Amended Plan of Liquidation [Docket No. 133] (as amended, the "Disclosure Statement") and the Second Amended Plan of Liquidation [Docket No. 132] (as amended, the "Plan") on January 28, 2011;

WHEREAS through the incorporation of the Court's comments, the Disclosure Statement was conditionally approved pursuant to Rule 3017.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

WHEREAS, on January 28, 2011, the Debtor served the Solicitation Package (defined below) upon (i) the Office of the United States Trustee (ii) all known creditors; (iii) any party requesting notice pursuant to Rule 2002; (iv) any party that filed a proof of claim; (v) all relevant and applicable taxing authorities; (vi) all parties to executory contracts and unexpired leases; and (vii) any other parties having an interest in this proceeding of whom the Debtor was aware. [Docket Nos. 135 and 136], and such service is adequate as provided by Fed. R. Bankr. P. 3017(d);

WHEREAS, on February 9, 2011, the Debtor filed a Motion ("Motion for Approval") (1) establishing February 28, 2011 for the hearing on final approval of the Second Amended Disclosure Statement to Accompany the Second Amended Plan of Liquidation; (2) approving the procedures for the solicitation and tabulation of votes to accept or reject the Second Amended Plan of Liquidation; and (3) approving the previously provided notice related to the foregoing;

WHEREAS, on February 26, 2011, counsel for the Debtor filed the Report on Plan Voting;

WHEREAS, the Debtor received informal objections or comments to the Plan that have been addressed herein, and as such, those parties have no objections to confirmation of the Plan;

WHEREAS, any and all remaining objections have been settled, withdrawn or otherwise overruled;

WHEREAS, the Court held a hearing to consider confirmation with respect to the Plan on February 28, 2011;

NOW, THEREFORE, IT IS HEREBY FOUND AND DETERMINED THAT:[1]

1.      Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Court has jurisdiction over the Bankruptcy Cases and the Plan pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (L) & 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 & 1409.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (L) and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.      Judicial Notice.  The Court takes judicial notice of the docket of this bankruptcy case (the "Bankruptcy Case") maintained by the Clerk of the Bankruptcy Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Bankruptcy Cases.

3.      Burden of Proof.  The Debtor has the burden of proving the elements of Section 1129(a) and (b) and Section 1121(e) of the Bankruptcy Code by a preponderance of the evidence.

---

[1]   Pursuant to Fed. R. Bankr. P. 7052, as made applicable to contested matters under Fed. R. Bankr. P. 9014, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

4. <u>Transmittal and Mailing of Materials; Notice</u>. The Solicitation Package was transmitted and served in accordance with the Bankruptcy Rules and such transmittal and service was adequate and sufficient, and no other or further notice was required.

5. <u>Voting</u>. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules and the procedures proposed and approved as set forth in the Motion to Approval.

6. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

(a) <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)</u>. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Equity Interests. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b) <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. Article IV of the Plan specifies that Class 1 and 2 are unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

(c) <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article IV of the Plan designates Classes 3 and 4 as impaired and Article IV of the Plan specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

(d)     No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

(e)     Implementation of Plan (11 U.S.C. § 1123(a)(5)).  The Plan and the various documents and agreements set forth in the Plan provide adequate and proper means for the Plan's implementation, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code.

(f)     Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  Article 11.17 of the Plan provides that the charter of the Debtor shall be deemed amended to satisfy the provisions of the Bankruptcy Code to prohibit the issuance of nonvoting securities.  Thus, the requirements of Section 1123(a)(6) of the Bankruptcy Code are satisfied.

(g)     Designation of Administrative Agent (11 U.S.C. § 1123(a)(7)).  The plan provisions with respect to the selection of the Chief Liquidation Officer are consistent with the interests of creditors, equity security holders, and public policy in accordance with Section 1123(a)(7) of the Bankruptcy Code.

(h)     Additional Plan Provisions (11 U.S.C. § 1123(b)).  The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

(i)     Bankruptcy Rule 3016(a).  The Plan is dated and identifies the party submitting it as proponent, thereby satisfying Bankruptcy Rule 3016(a).

7.     Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtor has complied with the disclosure and solicitation requirements of Section 1125 and all other applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

8.      Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtor has proposed

the Plan in good faith and not by any means forbidden by law, thereby satisfying Section

1129(a)(3) of the Bankruptcy Code.  The good faith of the Debtor is evident from the facts and

record of this Bankruptcy Case, including the record of the Confirmation Hearing and other

proceedings held in the Bankruptcy Case.

9.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any

payment made or to be made by the Debtor for services or for costs and expenses in or in

connection with the Bankruptcy Case, or in connection with the Plan and incident to the

Bankruptcy Case, have been approved by, or are subject to the approval of, the Bankruptcy Court

as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

10.     Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).  The Debtor has

complied with Section 1129(a)(5) of the Bankruptcy Code.  The identity and affiliation of the

person proposed to serve as the Chief Liquidation Officer after confirmation of the Plan has been

disclosed, and the appointment of such person is consistent with the interests of holders of

Claims against and Equity Interests in the Debtor and with public policy.  No insider will be

employed or retained by the Debtor after confirmation.

11.     No Rate Changes (11 U.S.C. § 1129(a)(6)).  Implementation of the Plan will not

affect in any manner rates established or approved by, or otherwise subject to, any governmental

regulatory commission.  Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable with

respect to the Plan and is therefore satisfied.

12.     Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan satisfies Section

1129(a)(7) of the Bankruptcy Code.  Each holder of an impaired Claim or Equity Interest either

has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity

Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

13.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Class 1 (Priority Non-Tax Claims) and Class 2 (Secured Claim of 55 Washington Street LLC) of the Plan are Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code.  Class 3 (General Unsecured Claims) voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code.  Class 4 (Equity Interests) is not entitled to receive or retain any property under the Plan and, therefore, is deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code.  In the event Section 1129(a)(8) has not been satisfied with respect to Class 3 (General Unsecured Claims) and Class 4 (Equity Interests), the Plan is confirmable because the Plan satisfies Section 1129(b) of the Bankruptcy Code with respect to such rejecting Classes.

14.     Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims and Priority Claims pursuant to Article III of the Plan satisfies the requirements of Sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims pursuant to Article III of the Plan satisfies the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

15.     Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Class 3, a Class of Claims against the Debtor that is impaired under the Plan, has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying the requirements of Section 1129(a)(10) of the Bankruptcy Code.

16.     Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan contemplates the liquidation of

the Debtor and thus satisfies the requirements of Section 1129(a)(11) of the Bankruptcy Code.

17.     Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees payable under Section 1930 of title 28 of the United States Code have been paid or will be paid pursuant to Section 3.04 of the Plan on or before the Effective Date, and continue to be paid as appropriate thereafter.

18.     Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  The Debtor is not obligated to any retired employees or their spouses and dependents for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any plan, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the Debtor prior to the Petition Date, and the Plan, therefore, satisfies Section 1129(a)(13) of the Bankruptcy Code.

19.     Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  Class 4 is deemed to have rejected the Plan (the "Rejecting Class").  No holder of a claim or interest that is junior to the claims and interests of the Rejecting Class will receive or retain any property under the Plan.  Therefore, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class, as required by Section 1129(b)(1) and (2) of the Bankruptcy Code.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of the Rejecting Class.

20.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

21.     Modifications to the Plan.  Any modification of the Plan (except as otherwise specifically modified in this Order) set forth in the Plan constitute technical changes and do not materially adversely affect or change the treatment of any Claims or Equity Interests.

Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Section 1125 of the Bankruptcy Code or resolicitation of votes under Section 1126 of the Bankruptcy Code, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

22. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Bankruptcy Court in this Bankruptcy Case, the Debtor and its respective officers, directors, employees, agents, counsel or other professionals have acted in good faith within the meaning of Section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in connection with all their respective activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 11.04 of the Plan.

23. <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>. Section 6.01 of the Plan, as modified by this Confirmation Order, governing the assumption and rejection of executory contracts and unexpired leases satisfies the requirements of Sections 365(a) and (b) of the Bankruptcy Code. The executory contracts or unexpired leases of the Debtor to be rejected are burdensome and, as such, the rejection thereof is in the best interest of the Debtor, its estate, and all parties in interest in the Bankruptcy Case.

24. <u>Satisfaction of Confirmation Requirements</u>. As provided herein, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

25. <u>Retention of Jurisdiction</u>. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 9.11 of the Plan and Section 1142 of the Bankruptcy Code.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
THAT:

26.     Confirmation.  The Plan is approved and confirmed under Section 1129 of the
Bankruptcy Code.  The terms of the Plan, as modified by this Confirmation Order, are
incorporated herein by reference into and are an integral part of this Confirmation Order.

27.     Technical Amendments.  The modifications and amendments to the Plan
contained herein meet the requirements of Section 1127 of the Bankruptcy Code, such
modifications do not adversely change the treatment of any Creditor or any Equity Interest of
which the holder has not consented thereto, and thus no further solicitation or voting is required.

28.     Objections.  All objections to the Plan (if any) that have been raised, whether in
writing and filed with the Clerk of the Bankruptcy Court or orally at the Confirmation Hearing,
that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to
confirmation of the Plan included therein, are overruled on the merits.

29.     Transactions.  The Debtor is authorized to take all steps, and to execute and
deliver all documents, necessary to implement and effectuate the Plan and the transactions
contemplated by the Plan in the manner set forth therein.

30.     Plan Classification Controlling.  The classifications of Claims and Equity
Interests for purposes of making distributions under the Plan shall be governed solely by the
terms of the Plan.  The classifications set forth on the Ballots tendered to or returned by the
Debtor's creditors in connection with voting on the Plan (a) were set forth on the Ballots solely
for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no

event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, and (c) shall not be binding on the Debtor.

31.     Binding Effect.  The Plan and its provisions, as modified by this Confirmation Order, shall be binding upon the Debtor, the Chief Liquidation Officer, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or Equity Interest in the Debtor, including all governmental entities, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.

32.     Transmittal; Notice.  The transmittal and service of the Disclosure Statement, the Plan, the Ballots, and the Confirmation Hearing Notice are hereby approved.

33.     Vesting of Assets (11 U.S.C. § 1141(b), (c)).  Except as otherwise specifically provided in the Plan and this Confirmation Order, in accordance with Section 9.01 of the Plan, as of the Effective Date:  (a) title to all Estate Property shall vest in the Debtor, subject to the Debtor's obligation to administer, liquidate, and distribute the property in accordance with the terms of the Plan, as modified by this Confirmation Order, and (b) all assets of the Debtor shall be free and clear of all Claims.

34.     Dissolution.  Consistent with Section 7.08(d) of the Plan, within thirty (30) days after completion of the acts required by the Plan, or as soon thereafter as is reasonably practicable, the Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor; provided, however, that the Debtor file with the office of the Secretary of State in the Debtor's state of organization, a certificate of cancellation or dissolution.  No approval of the shareholders or directors of the Debtor shall be required for filing of the articles of dissolution.

35.     Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. §§ 365(a) and 1123(b)(2)).  The Debtor is authorized pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code to reject the executory contracts or unexpired leases of the Debtor described in Section 6.01 of the Plan, as modified by this Confirmation Order.  Notwithstanding anything in the Plan and this Confirmation Order to the contrary, for those executory contracts and unexpired leases not otherwise identified in (a), (b), or (c) of Section 6.01, such executory contract or unexpired lease shall be deemed rejected ten (10) days from the date that the Debtor provides notice to the affected counterparty of such executory contract or unexpired lease of the Debtor's intent to reject.

36.     Bar Date for Rejection Damage Claims.  If the rejection under the Plan of any executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a timely filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor or any property to be distributed under the Plan unless a proof of claim is filed with the Bankruptcy Court and served upon the Debtor on or before the date that is thirty (30) days after the notice of service of (i) the Confirmation Date, or (ii) the Debtor's notice of intent to reject, which ever is applicable.  Nothing in this Confirmation Order shall be deemed to extend any previously applicable bar date established in this Bankruptcy Case.

37.     General Authorization.  The Chief Liquidation Officer, on behalf of the Debtor, is authorized and directed to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan, as modified by this Confirmation Order.

38.     Management.  On the Effective Date, operation of the Debtor shall become the general responsibility of the Chief Liquidation Officer, who shall, thereafter, continue to have the responsibilities for the management, control and operation of the Debtor and Estate Property in accordance with the terms set forth in the Plan and the Confirmation Order.

39.     The Causes of Action.  As set forth in Section 9.05 of the Plan, and except as otherwise provide in the Plan, on and after the Effective Date, the Debtor will have the exclusive right to enforce and pursue any and all Claim objections, Avoidance Actions, and Causes of Action against any person.  The Debtor may pursue, abandon, settle, or release any or all Claim objections, Avoidance Actions and Causes of Action as it deems appropriate in accordance with the terms of the Plan.

40.     Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements and any amendments or modifications thereto.

41.     Exemption from Certain Taxes.  Subject to Orders entered by the Bankruptcy Court prior to the Confirmation Date authorizing certain sales of property, pursuant to Section 1146(c) of the Bankruptcy Code, the disposition of such assets shall not be subject to any stamp, real estate transfer, mortgage record, sale, use or other similar tax.  This Confirmation Order hereby directs the appropriate state or local government officers to forego the collection of any such tax or governmental assessment and to accept for filing and recording any documents without payment of said tax or governmental assessment.

42.     Disclosure Statement.  The Debtor's Motion for Approval is hereby granted and the Disclosure Statement is hereby approved as containing adequate information.

**43.     Injunction.  Pursuant to Sections 9.06 and 9.07 of the Plan, on and after the Confirmation Date, all persons are permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or otherwise) on account of or respecting any Claim or Cause of Action of the Debtor for which the Debtor, retains sole and exclusive authority to pursue in accordance with the Plan.  Upon the entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present, future, or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.  Nothing within this Confirmation Order shall enjoin any party from enforcing any term of this Confirmation Order or the Sale Order.**

44.     Termination of Injunctions and Automatic Stay.  Notwithstanding anything contained in the Plan, as modified by this Confirmation Order, or this Confirmation Order, all injunctions or stays arising under or entered during the Bankruptcy Case under Sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

45.     Non-occurrence of Effective Date.  If each of the conditions to consummation and the occurrence of the Effective Date, as set forth in Article 8.02 of the Plan, has not been satisfied or duly waived on or before June 30, 2011, the Confirmation Order may be vacated by the Bankruptcy Court.  If the Confirmation Order is vacated pursuant to this Section 8.04, the

Plan shall be null and void in all respects, and nothing contained in the Plan shall constitute a waiver or release of any Claims against the Debtor.

46.     Notice of Entry of Confirmation Order.  On or before the tenth (10th) Business Day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and interest holders, the United States Trustee, and other parties in interest, by causing notice of entry of the Confirmation Order (the "Notice of Confirmation"), to be delivered to such parties by first-class mail, postage prepaid.  The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

47.     Notice of Effective Date.  Within five (5) Business Days following the occurrence of the Effective Date, the Debtor shall file notice of the occurrence of the Effective Date and shall serve a copy of same on those entities which have filed a notice of appearance and request for service of pleadings in the Bankruptcy Case.

48.     Conflicts Between Confirmation Order and Plan.  To the extent of any inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.  The provisions of this Confirmation Order are integrated with each other and are nonseverable and mutually dependent unless expressly stated by further order of this Bankruptcy Court.  The failure to reference or discuss all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

49.     Modification/Reversal. If any provision of this Confirmation Order is hereafter modified, vacated or reversed by subsequent order of this Bankruptcy Court or any other court,

such reversal, modification or vacation shall not affect the validity or enforceability of the obligations incurred or undertaken under or in connection with the Plan prior to such modification, vacation or reversal, unless such order specifically provides otherwise.

50.     The following specific sections of the Plan shall be deleted and replaced with the following:

(a).     Section 1.34    Post-Confirmation Reserve means the amount of Cash reserved and held in the Liquidation Account for payment of Post-Confirmation Expenses and the estimated administrative claim of the Universal Service Administrative Company as disclosed in the Plan Supplement.

(b).     Section 5.03(a)          Effective Date Payments and Transfers by the Debtor.  Within thirty days after the entry of a Final Order of the Bankruptcy Court estimating any Priority Tax Claims that the Debtor disputes, the Debtor may make an initial distribution to holders of Allowed Claims in accordance with the terms of the Plan, as modified by this Confirmation Order, and after making appropriate reserves for Disputed Claims and any Priority Tax Claim that the Debtor disputes.  Any reserve for a Priority Tax Claim that the Debtor disputes shall be equal to the amount of the distribution that would be permitted if the Priority Tax Claim was Allowed in the amount estimated by the Court.

(c).     Section 5.03(d)          Time Bar to Cash Payments.  Checks issued by the Debtor in respect of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  The holder of the Allowed Claim to whom such check originally was issued shall make requests for re-issuance of any check to the Debtor.  Any Claim in respect of such voided check shall be made on or before thirty (30) days after the expiration of the ninety (90) day period following the date of issuance of such check.  Thereafter, the amount

represented by such voided check shall irrevocably revert to the Debtor's Estate and any Claim in respect of such voided check shall be discharged and forever barred from assertion against the Debtor and its Estate.

(d).  Section 5.03(f) <u>Post-Confirmation Rights and Obligations of the Debtor</u>.

Notwithstanding anything to the contrary in the Plan, as modified by this Confirmation Order, or the Confirmation Order, the Debtor shall not be authorized to retain or engage professionals, other than professionals whose employment was previously approved by the Court, without approval by the Bankruptcy Court.

(e).  Section 5.05  <u>Setoffs</u>.  The Debtor may, but shall not be required to, set off against any Claim (for purposes of determining the Allowed amount of such Claim on which distribution shall be made), any claims of any nature whatsoever that the Debtor may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release (a) by the Debtor of any such claim the Debtor may have against the holder of such Claim, or (b) by the holder of such Claim.

(f).  Section 5.07  <u>Disputed Claim</u> means (b)  a proof of claim or request for payment of an Administrative Expense Claim to which a timely objection or request for estimation is interposed by the Debtor which has not been withdrawn or determined by a Final Order.

(g).  5.11  <u>Estimation</u>.  The Debtor may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to Section 502(c) of the Code regardless of whether the Debtor previously objected to such Claim, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any such Claim, including, without limitation, during the pendency

of any appeal relating to any such objection.  On and after the Confirmation Date, Claims that

have been estimated may be compromised, settled, withdrawn, or otherwise resolved

subsequently, pursuant to order of the Bankruptcy Court.

(h).    7.01    The Sale.  The order granting the Motion of the Debtor for Entry of

an Order (i) Approving an Asset Purchase Agreement Between the Debtor and the Stalking

Horse, or Such Other Purchase Agreement Between the Debtor and the Prevailing Bidder; (ii)

Authorizing the Sale of All or Substantially All of the Assets of the Debtor Free and Clear of All

Liens, Claims, Encumbrances and Other Interests; (iii) Authorizing the Assumption and

Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and

(iv) Granting Related Relief [Docket No. 129] ("Sale Motion") authorizes the sale, free and clear

of all Liens, claims and encumbrances, of all or substantially all of the Debtor's assets under

sections 105, 363, and 365 of the Code under the terms and conditions of the Asset Purchase

Agreement.  Pursuant to the terms of the Sale Order, the Debtor is authorized to take any and all

actions necessary to consummate the Sale.  The Sale provides for payment of $800,000 to the

Debtor's estate by the Purchaser, in conjunction with assumption of certain pre and post petition

liabilities up to $600,000 (but not exceeding $400,000 at the time of closing).  The proceeds of

the Sale shall be used to satisfy Claims in accordance with the Plan, as modified by the

Confirmation Order.

(i)    7.02  Other Sales.  Deleted in its entirety.

(j).    7.04  Approval of Agreements.  Deleted in its entirety.

(k)    7.07  Cancellation of Existing Securities. The Equity Interests in the

Debtor shall be cancelled by the Debtor's filing of the appropriate articles of dissolution after the

Plan has been fully implemented and administered, and after all Estate Property has been distributed as described in Section 4.05 hereof.

(l)     8.03  Satisfaction of Conditions. Any actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously, and no such action shall be deemed to have occurred prior to the taking of any other such action. If the Debtor decides that one of the conditions precedent set forth in Section 8.02 hereof cannot be satisfied and the occurrence of such condition is not waived or cannot be waived, then the Debtor shall file a notice of the failure of the Effective Date with the Bankruptcy Court; provided, however, the condition precedent described in 8.02(d) cannot be waived, but the Debtor may satisfy this condition through one or more court approved estimations.

(m).     9.03  Binding Effect.  Except as otherwise provided in Section 1141(d)(3) of the Code or this Plan, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and its respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

(n).     11.02 Effective Date of Plan.  The Effective Date of this Plan shall be the closing of the transaction contemplated by the Asset Purchase Agreement, but if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the Confirmation Order is in effect, provided that the Confirmation Order has not been vacated.

(o).     11.03  Substantial Consummation.  The Plan shall be deemed substantially consummated on the Effective Date.

(p).    11.06 <u>Modification of Plan</u>.  The Plan may be amended, modified, or supplemented by the Debtor in the manner provided for by section 1127 of the Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Code, except as the Bankruptcy Court may otherwise direct.  In addition, after the Confirmation Date, so long as such action does not materially adversely affect the treatment of holders of Claims or Equity Interests under the Plan, the Debtor may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  Prior to the Confirmation Date, the Debtor may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications have no adverse affect on the treatment of holders of Claims or Equity Interests and are filed on the docket.

(q).    7.08(e) <u>Monthly Reports</u>.  After the Effective Date, the Debtor shall prepare and file a monthly report, substantially in the form attached hereto as Exhibit A,  and serve the same upon (i) the Office of the United States Trustee, (ii) counsel for Universal Service Administrative Company, and (iii) counsel for Deutsche Telekom North America Inc.

(r).    7.08(f) <u>Reliance on Books and Records</u>.  The Debtor shall be released from liability only to the extent the Debtor relies on its books and records and filed proofs of claim in making distributions, provided that the Debtor does not act with gross negligence or willful misconduct.

Dated:  February 28, 2011                    _/s/ Allan L. Gropper_____
   New York, New York                    Allan L. Gropper
                  United States Bankruptcy Judge

Doc 6500953   Ver 4